UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHEDRICK BOWES-NORTHERN,

    Plaintiff,

    v.

JPMORGAN CHASE BANK NA,
CRYSTAL RICHMOND, AND JP
MORGAN CHASE & CO

    Defendants.

Case No. 3:21-CV-803 JD

**OPINION AND ORDER**

Defendants, JPMorgan Chase N.A. et al. ("Chase"), moved to dismiss Shedrick Bowes-Northern's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 23.) Mr. Bowes-Northern, who is proceeding *pro se*, has moved for an extension of time to respond to the motion to dismiss and for leave to file an amended complaint.[1] (DE 26.)

For the reasons explained below, the Court denies Mr. Bowes-Northern's two motions and grants Chase's motion to dismiss. Also, the Court denies as moot Mr. Bowes-Northern's motions to proceed *in forma pauperis* and to add a defendant.

**A. Background**

In the relevant portions of his complaint, Mr. Bowes-Northern alleges the defendants racially discriminated against him, as an African-American man, in October 2020, while he was

---

[1] The Court notes that while Mr. Bowes-Northern did not file his proposed amended complaint with this motion as required by Local Rules 15-1(a), he did file it several weeks later on May 10, 2022. (DE 28.)

attempting to withdraw $2,500 from his account at a Chase Bank branch.[2] Specifically, Mr. Bowes-Northern alleges that while he was at the bank counter working with a teller to make the withdrawal, an unidentified Caucasian female Chase employee came up, wrote "restrict" on a piece of paper and passed it to the teller who was assisting him. (DE 12 at 4.)[3] When Mr. Bowes-Northern inquired why she had done that, she replied that paper wasn't for him. (*Id.*) Mr. Bowes-Northern then accused the employee of lying and told her that he was "tired of being discriminated against because of the color of [his] skin." (*Id.*)

The unidentified employee then allegedly told Mr. Bowes-Northern that the names on his bank account and his Indiana identification did not match. (*Id.*) Mr. Bowes-Northern acknowledged that discrepancy and provided several other forms of identification, a SNAP benefits card, Illinois ID, and Indiana medical card, to establish his identity. (*Id.*) At this point the branch manager, defendant Crystal Richmond, allegedly intervened and told Mr. Bowes-Northern that she refused to do business with him and "restricted [his] account." (*Id.*) Mr. Bowes-Northern then called the Michigan City Police Department to report the incident. (*Id.*) At some point after calling the police, Mr. Bowes-Northern alleges he showed a police officer video of the incident at the bank and was told by the officer it was not a law enforcement matter and that he should report the incident to Chase's corporate office. (*Id.*)

Mr. Bowes-Northern alleges he filed complaints with the Chase corporate office. (*Id.*) Mr. Bowes-Northern also alleges that he later asked and was told by two Chase tellers, one at the

---

[2] The complaint also includes a host of accusations against Chase, such as Chase "financing the colonial prison industry" and laundering money and providing cargo ships for "CIA-backed drug trafficking", which have no relation to Mr. Bowes-Northern or his interactions with Chase (DE 12 at 5). Accordingly, the Court will set these allegations aside and focus its attention on those relevant to Mr. Bowes-Northern's § 1981 claim.

[3] Unless otherwise specified, the Court will cite and refer to the governing complaint (DE 12) and not the proposed amended complaint (DE 28).

branch at issue and one from another branch, that Chase policy allows cash withdrawals of up to $10,000 without requiring the customer to produce a photo identification if the customer had their bank card and PIN number. (*Id.*) Mr. Bowes-Northern argues existence of this policy shows he was discriminated against on the basis of his race in attempting to access his account. (*Id.*) Mr. Bowes-Northern alleges he suffered mental and emotional damages as a result of his treatment by Chase employees.

The complaint also includes several documents, which the Court infers Mr. Bowes-Northern intended to incorporate into his pleadings and which the Court will consider insofar as they are relevant. *See* Fed. R. Civ. P. 10(c); *North Ind. Gun & Outdoor Show v. City of South Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998) (affirming that exhibits attached to the complaint are incorporated into the pleadings for Rule 12(b) and 12(c) motions).[4] The most relevant document is a letter from Chase to Mr. Bowes-Northern in response to his complaint of racial discrimination (DE 12 at 23.) This letter indicates the "restrict" note was prepared by a senior banker to inform the banker in training, who was assisting Mr. Bowes-Northern, that Mr. Bowes-Northern's account had been previously restricted in 2018. (*Id.*) The letter indicates the note was solely for the purpose of training the junior banker and that Mr. Bowes-Northern's account was not restricted in October 2020. (*Id.*)

As procedural background, Chase filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 3, 2022. (DE 23.) Mr. Bowes-Northern did not file a timely response to this motion, but on March 18, 2022, he moved for an extension of time to respond to Chase's motion to dismiss and moved for leave to amend the

---

[4] The Court notes that the majority of these documents are news articles or pages from the Chase website which do not relate to Mr. Bowes-Northern or the events involving him at the bank branch. Accordingly, the Court will set these documents aside and focus on those relevant to Mr. Bowes-Northern's § 1981 claim.

complaint. (DE 26.)[5] The Court construes Mr. Bowes-Northern's filing as containing two legally distinct motions: first, a motion for extension of time to respond to the motion to dismiss pursuant to Rule 6(b)(1)(B); second, a motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Subsequent to this motion Mr. Bowes-Northern also moved for leave to proceed *in forma pauperis* (DE 29) and moved to add a defendant (DE 30).

The Court will first address Mr. Bowes-Northern's motion for an extension of time to respond to the motion to dismiss, then Chase's motion to dismiss. The Court will then address Mr. Bowes-Northern's motion for leave to file an amended complaint and determine if the amended complaint would be futile. The Court will conclude with Mr. Bowes-Northern's motions for leave to proceed *in forma pauperis* and to add a defendant.

**B. Discussion**

***(1) The motion for an extension of time to respond to the motion to dismiss is denied***

The Court first addresses Mr. Bowes-Northern's motion for an extension of time to respond to the motion to dismiss. As Mr. Bowes-Northern has not established he failed to act because of excusable neglect, the motion is denied.

To begin, Mr. Bowes-Northern's *pro se* status does not exempt him from meeting Court-imposed deadlines. *See Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). That being said, any litigant before the federal courts may move for an extension of time pursuant to Federal Rule of Civil Procedure 6. In order to succeed on a motion to extend time which is filed after the deadline has already passed, as is the case here, the moving party must establish that he failed to

---

[5] Mr. Bowes-Northern's response to the motion was due 21 days after the motion was filed, which was February 24, 2022. N.D. Ind. L.R. 7-1(d)(2)(A). Applying Federal Rule of Civil Procedure 6(d) to account for service by mail extends this deadline to February 28, 2022.

4

act due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether there was excusable neglect, the Court considers all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (internal citation omitted).

Mr. Bowes-Northern argues that he should be granted an extension because he has a good reason for the delay. Namely that he was unable to file while he was recuperating from a car accident which occurred on January 15, 2022. (DE 26 at 1.) In a supplemental filing on May 10, 2022, Mr. Bowes-Northern adds two additional rationales for his delay. First, that he was diagnosed with Covid-19 in November 2021 and due to pre-existing health conditions, he took longer than a typical case to recover. (DE 30 at 1.) Second, that he was healing from a foot injury which occurred at an unspecified time. (*Id.*)

Chase argues that Mr. Bowes-Northern has not demonstrated excusable neglect because during the period in which he was allegedly recuperating, he continued to litigate three other cases in this District. Chase notes these efforts included making substantive legal filings.

The Court has confirmed these filings took place and agrees with Chase. In *Northern v. Porter County Sheriff's Department et al.*, 2:22-CV-41-JTM-JPK (DE 1), Mr. Bowes-Northern filed a lengthy complaint and exhibits on February 14, 2022, a month after the alleged car accident and two weeks prior to his deadline to respond to Chase's motion.[6] In *Bowes-Northern v. Patel et al.*, 2:22-CV-42-JTM-JPK (DE 34), he filed an amended complaint and exhibits (DE 34) on February 24, 2022, which is days before his deadline to file in this case. On that same

---

[6] The Court notes, for clarity, the Docket Entry citations made in discussing these other cases refer to the Docket Entries in those cases.

5

day, Mr. Bowes-Northern filed a motion to appoint counsel in *Bowes-Northern v. Sedgwick Claims Management Services, Inc.*, 2:21-CV-329-PPS-JEM (DE 23).

Mr. Bowes-Northern has offered no explanation for the discrepancy between his claim of being too ill to litigate this case, while simultaneously litigating three other matters in this District. Notably, he never addresses this discrepancy despite supplementing his explanation of the delay almost two months after Chase presented this argument. (DE 27, 30).

Considering all the circumstances, the Court concludes that Mr. Bowes-Northern has not provided a satisfactory reason for his delay. His seemingly unrestricted activity in his other cases undermines the plausibility of the reason for delay he presented to the Court. Therefore he has not established excusable neglect. *See Bowman*, 962 F.3d at 998 (lack of "meaningful explanation" for delay precludes finding excusable neglect). The Court notes that neither party raises the issue of prejudice caused by the delay. However, even if Chase suffered absolutely no prejudice that alone would be insufficient to establish excusable neglect without some meaningful explanation for the delay. *See United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006) (lack of prejudice alone does not establish excusable neglect).

Accordingly, the Court will deny Mr. Bowes-Northern's motion for an extension of time to file his response to the motion to dismiss.

### *(2) Chase's motion to dismiss is granted*

The Court will next address Chase's motion to dismiss for failure to state a claim. The Court resolves this motion before Mr. Bowes-Northern's motion for leave to file an amended complaint, because a key part of the motion for leave analysis is whether the proposed

amendment would be futile. Therefore, to determine if the proposed amendment would be futile, it makes sense to first know whether the original complaint is defective and subject to dismissal.

Generally, pleadings are sufficient to allow a lawsuit to proceed when they state a claim for relief that is "plausible on its face." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). For the purposes of a Rule 12(b)(6) motion, the Court accepts the well-pleaded facts in the complaint as true but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption…." *McCauley v. City of Chi*, 671 F.3d 611, 616 (7th Cir. 2011). Further, the Court construes *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

A claim is "plausible on its face" when the plaintiff pleads factual content that allows a court to draw reasonable inferences that the defendant is liable for the misconduct being alleged. *McCauley*, 671 F.3d at 615 (quoting *Ashcroft*, 556 U.S. at 662 (quoting *Twombley*, 550 U.S. at 570)). However, if the allegations fail to raise a claim "above the speculative level" then dismissal is appropriate. *Alarm Detection Sys., Inc. v. Vill. Of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (citing *Twombly*, 550 U.S. at 555). In particular, this may be the case when there is an "obvious alternative explanation" for the complaint's factual allegations. *Id.*

Stripped of the conclusory statements, Mr. Bowes-Northern's complaint contains these facts which are the basis of his discrimination claim. He attempted to withdraw $2,500 in cash from a Chase bank branch. He was asked for identification by the bank teller, which was not required by Chase bank policy. Then, while working with the teller, an unidentified bank

employee passed the teller a note which read "restrict." Next, when Mr. Bowes-Northern asked about the note he was told it was not for him, and Mr. Bowes-Northern responded by accusing the teller of lying and racially discriminating against him. After this exchange with the bank teller, the bank manager intervened and told Mr. Bowes-Northern she refused to do business with him and restricted his account. Mr. Bowes-Northern then called the police to report this alleged discrimination but was told it was not a law enforcement matter.

In order to bring a claim under 42 U.S.C. § 1981, a plaintiff must state facts which show: (1) he is a member of a racial minority, (2) the defendant had an intent to discriminate on the basis of his race, (3) the discrimination concerned the making or enforcing of a contract, and (4) race was the but-for cause of his injury. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006); *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).[7]

Chase argues that Mr. Bowes-Northern has failed to plead sufficient facts regarding the second and fourth elements. Specifically, Chase argues that Mr. Bowes-Northern's description of the events which occurred at the Chase branch do not describe plausible intentional discrimination or that Chase's actions were the but-for cause of his injuries. Given Mr. Bowes-Northern's limited non-conclusory factual allegations and the obvious alternative explanations which undermine the plausibility of his claims, the Court agrees with Chase and will grant the motion to dismiss.

The Court begins with the element of intent to discriminate. Mr. Bowes-Northern's only support in his complaint for this element are his conclusory statements that Chase employees

---

[7] The Court notes that while Mr. Bowes-Northern did not specify his claims arose under § 1981 in the governing complaint, his proposed amended complaint clarifies that this statute is the basis for his lawsuit. (DE 28 at 11.)

acted with racial animus when one employee wrote the "restrict" note and he was asked for additional identification before processing his cash withdrawal. This is insufficient to establish a claim which is "plausible on its face." *Swanson*, 614 F.3d at 404. As previously mentioned, conclusory statements are not entitled to the presumption of truth which attaches to well pleaded facts. *McCauley*, 671 F.3d at 616. In the context of § 1981, a plaintiff cannot state an adequate claim merely by alleging the defendant knew of their race and denied them a service, and then conclusively asserting the denial was motivated by discrimination. *See Mir v. State Farm Mut. Auto Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) (unpublished).

Mr. Bowes-Northern's complaint contains no allegations that would indicate an intent to discriminate, such as statements by Chase employees referring to his race, or him being treated differently than customers of another race pursuing similar transactions. *Cf. Swanson*, 614 F.3d at 402–03 (accepting a plaintiff's racial discrimination complaint as sufficient when it included allegations that the manager of the bank commented on the fact that he, his wife, and his son were part African-American); *see also A.B. v. Hous. Auth. of South Bend*, 2012 WL 1877740, *8 (N.D. Ind. May 18, 2012) (dismissing a complaint which lacked specific allegations to support claim of intentional discrimination and relied on conclusory statements to establish intent).

Further, the Court is unable to infer, from the factual content presented in the complaint, that Chase is liable for the alleged misconduct. While it is possible to use inferences in constructing a plausible claim, if the facts in the complaint give rise to an "obvious alternative explanation," then the complaint may fall short of establishing the plausibility required for entitlement to relief. *McCauley*, 671 F.3d at 616. Determining whether the complaint falls short or crosses into plausibility is a context specific task which "requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 664).

The facts Mr. Bowes-Northern put into his complaint are not sufficient to create a plausible claim which can survive the motion to dismiss. In particular, these facts also have competing, obvious, alternative explanations which diminish the plausibility of his alleged version of events. It is a logical proposition that a bank would request identification before processing a large cash withdrawal and also perform further inquiry when the name on the account and the name on the customer's proffered identification don't match up. *See e.g. Coleman v. JPMorgan Chase Bank, N.A.*, 2018 WL 6183285 at *11 (W.D. Ky. Nov. 27, 2018) (dismissing a § 1981 claim because the "unusual circumstances" alleged in the complaint led to the commonsense conclusion that Chase's actions were proportionate to its interest in protecting itself and its customers).

Similarly, the pleadings offer an alternative explanation for the restrict note. Namely, that the unidentified employee passed the note to the teller assisting Mr. Bowes-Northern to inform the teller, as part of their training, that Mr. Bowes-Northern's account had been previously restricted in 2018 (DE 5 at 23.) This is an obvious alternative explanation which undermines the plausibility of Mr. Bowes-Northern's claim that the note was racially motivated. (DE 12 at 23.)

Further, the mere existence of issues in how a bank administers a customer's account does not create the inference of racial discrimination. *See Walton v. First Merchants Bank*, 772 Fed. App'x 349, 350–51 (7th Cir. 2019) (affirming the motion to dismiss when the plaintiff alleged racial discrimination in her bank's actions of not allowing her to deposit or withdraw funds, among other issues, but only had conclusory statements tying those actions to race) (unpublished). Without more facts indicating race was at issue, the Court is left to conclude the complaint falls short of the plausibility showing needed to state a viable claim for relief.

The Court also concludes that Mr. Bowes-Northern has not made a plausible claim that he satisfies the fourth element of his § 1981 claim, that the racial discrimination was the but-for cause of his harm. Under § 1981, a plaintiff must establish that the racial discrimination was the "but-for" cause of their alleged harm. *Comcast*, 140 S. Ct. at 1019. Phrased another way, the plaintiff would not have suffered their injury unless the defendant acted with racial animus. *Id.* at 1014. Mr. Bowes-Northern alleges the injury he suffered are mental and emotional damages from being denied his cash withdrawal. However, the facts Mr. Bowes-Northern included in his complaint do not create a plausible claim that racial animus was the but for cause of this harm. In particular, the fact there was a discrepancy between the name on his ID and the name on his bank account suggests he would have been denied access to his withdrawal on that basis regardless of any racial animus by the bank employees. As there are no other facts supporting the causation element, this obvious alternative explanation for the denial of Mr. Bowes-Northern's withdrawal means that he has not established a but-for causation claim that is plausible on its face.

Therefore, because of Mr. Bowes-Northern's reliance on conclusory statements in articulating his claim and the obvious alternative explanations which arise from the factual content, the Court concludes he has not submitted a § 1981 claim which is plausible on its face and the motion to dismiss will be granted.

### *(3) Mr. Bowes-Northern's motion for leave to file an amended complaint is denied as the amendment would be futile*

As Mr. Bowes-Northern's proposed amended complaint contains the same factual deficiencies as his operative complaint, the amendment would be futile and thus the Court will deny his request for leave to amend.

Rule 15 instructs the Court to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts may deny leave, however, for a variety of reasons including undue delay and futility of the proposed amendments. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Chase argues that the Court should deny the motion as it is a product of undue delay, and the amendments would likely be futile (DE 27 at 4–5).[8] The Court only needs to address the issue of futility to resolve this motion.

Chase was unable to weigh in whether the proposed amended complaint was futile as Mr. Bowes-Northern did not file the proposed complaint along with the motion as required by the Local Rules. Therefore, the Court will look to the arguments Chase raised in its motion to dismiss and consider if they would prove fatal to the proposed amended complaint. That is, would the arguments raised in the motion to dismiss persuade the Court that even with the proposed amendments Mr. Bowes-Northern has failed to state a claim on which relief can be granted.

While there are several differences between the operative complaint and the proposed amended complaint, both plead the same facts regarding the § 1981 claim. As previously discussed, the facts in Mr. Bowes-Northern's current complaint are not enough to construct a legally sufficient claim, and therefore the amended complaint which relies on those exact same facts will also be legally insufficient.

The proposed amended complaint also adds two state law claims, one for intentional infliction of emotional distress and one for violation of "Indiana Code 22-9, Article 9." (DE 28 at

---

[8] Chase's response could not conduct a futility analysis as Mr. Bowes-Northern did not file the amended complaint until well over a month after Chase had responded to his motion.

14–16). The addition of these claims is futile, however, as the Court would not have jurisdiction to hear them after the dismissal of Mr. Bowes-Northern's § 1981 claim.

Without a federal claim at issue in this case, the Court could only hear Mr. Bowes-Northern's state law claims if he could establish diversity jurisdiction under 28 U.S.C. §1332. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims[.]") Diversity jurisdiction requires two elements: (1) diversity of citizenship between the plaintiff and all of the defendants and (2) more than $75,000 as the amount in controversy. 28 U.S.C. §1332(a). Phrased another way, diversity of citizenship requires that no defendants can be citizens of the same state as Mr. Bowes-Northern. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) The plaintiff has the burden of establishing that each element of diversity jurisdiction is satisfied. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Natural persons are typically citizens of the state in which they are "domiciled" and may only have one domicile at a time. *Page,* 2 F.4th at 634–35 (internal citations and quotation omitted). Corporations are citizens of the states in which they are incorporated and the state in which they have their principal place of business. *Id.* at 635.

Mr. Bowes-Northern's proposed complaint does not specifically allege the *citizenship* of any party, as is required to determine diversity. But it does allege that he is a *resident* of Indiana, and that the two Chase corporate entity defendants are Delaware corporations with their principal places of business in New York. (DE 28 at 5–6.) It also indicates the individual defendants, Crystal Richmond and Jane Doe, are employees of a Chase branch in Indiana and their addresses are in Indiana as well. (*Id.* at 6.) Although insufficient to establish citizenship, the facts contained within the complaint suggest the individual defendants and Mr. Bowes-Northern are all citizens

of Indiana. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (holding residence and citizenship are not synonyms for purposes of diversity jurisdiction). This defeats complete diversity of citizenship and deprives the Court of jurisdiction to hear Mr. Bowes-Northern's state law claims. *Page*, 2 F.4th at 636.[9] Thus, the addition of the state law claims would not save Mr. Bowes-Northern's case from dismissal.

Accordingly, the proposed amendments to the complaint would be futile and the Court will deny the motion for leave to amend.

### *(4) Mr. Bowes-Northern's other pending motions are denied as moot*

Mr. Bowes-Northern filed an additional two motions. The first asks for leave to proceed *in forma pauperis* (DE 29), and the second seeks to add the unidentified female Chase Bank teller who wrote the "restrict" note as a Jane Doe defendant (DE 30). As the Court is dismissing the case, these motions will be denied as moot.[10]

### (C) Conclusion

For the foregoing reasons, the Court—

- DENIES the Plaintiff's motion for an extension of time to respond to the motion to dismiss. (DE 26.)

- DENIES the Plaintiff's motion for leave to file an amended complaint. (DE 26.)

---

[9] As Mr. Bowes-Northern has failed to establish diversity of citizenship, the Court does not need to consider whether he has established the necessary amount in controversy.

[10] The Court notes that the motion for leave to proceed *in forma pauperis* would be denied as moot even if this case continued as the Court previously ruled on this issue and granted Mr. Bowes-Northern the leave. (DE 14).

- GRANTS the Defendants' motion to dismiss (DE 23) and DISMISSES Plaintiff's § 1981 claims against them WITH PREJUDICE.[11]

- DENIES the Plaintiff's motion for leave to proceed *in forma pauperis* as moot. (DE 29.)

- DENIES the Plaintiff's motion to add a defendant as moot. (DE 30.)

SO ORDERED.

ENTERED: June 21, 2022

                                                 /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court

---

[11] The Court's dismissal of the governing complaint (DE 12) does not rule on the merits of the state law claims in the proposed amended complaint (DE 28) which are not yet a part of this case.